December 16, 1974

No. 74–225.  MARSHALL ET AL. *v.* OHIO; and

No. 74–226.  KENSINGER *v.* OHIO.  Appeals from Ct. App. Ohio, Hamilton County.  Stays (Nos. A–1282 and A–1283) heretofore granted on July 9, 1974, by MR. JUSTICE STEWART are vacated.  Appeals dismissed for want of substantial federal question.  MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (DOUGLAS, J., dissenting); *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (DOUGLAS, J., dissenting), would note probable jurisdiction and summarily reverse the judgments.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellants were convicted in the Court of Common Pleas of Hamilton County, Ohio, of possession of allegedly obscene materials with intent to distribute the materials in violation of Ohio Rev. Code Ann. § 2905.35 (Supp. 1973), which provided in pertinent part at the time of the alleged offense as follows:

> "No person, with knowledge of the content and character of the obscene material or performance involved, shall make, manufacture, write, draw, print, reproduce, or publish any obscene material, knowing or having reasonable cause to know that such material will be sold, distributed, circulated, or disseminated; or sell, lend, give away, distribute, circulate, disseminate, exhibit, or advertise any obscene material; or write, direct, produce, present, advertise, or participate in an obscene performance;

or possess or have in his control any obscene material with intent to violate this section . . . ."

As used in § 2905.35,

"(A) Any material or performance is 'obscene' if, when considered as a whole and judged with reference to ordinary adults, any of the following apply:

"(1) Its dominant appeal is to prurient interest;

"(2) Its dominant tendency is to arouse lust by displaying or depicting nudity, sexual excitement, or sexual conduct in a way which tends to represent human beings as mere objects of sexual appetite;

"(3) Its dominant tendency is to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality;

"(4) It contains a series of displays or descriptions of nudity, sexual excitement, sexual conduct, bestiality, extreme or bizarre violence, cruelty, or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient interest, when the appeal to such interest is primarily for its own sake or for commercial exploitation, rather than for a genuine scientific, educational, sociological, moral, or artistic purpose." § 2905.34.

On appeal, the Court of Appeals of Hamilton County affirmed the convictions. The Supreme Court of Ohio dismissed the appeals.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents."

*Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 2905.35, as it incorporated the definition of "obscene" of § 2905.34, was constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore note probable jurisdiction and, since the judgment of the Court of Appeals of Hamilton County was rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented in addition to those already treated merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1974) (BRENNAN, J., dissenting).

Further, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, each appellant must be given an opportunity to have his case decided upon, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgments below and remand for a determination whether appellants should be afforded new trials under local community standards.

---

*Although four of us would note probable jurisdiction and reverse the judgments, the Justices who join this opinion do not insist that the case be decided on the merits.